**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACOB SILVERMAN, | No. 18-16476 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-01146-BLF |
| v. | |
| MENDIBURU, Corporal; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 18, 2019[**]

Before:    CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Jacob Silverman, a former California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

excessive force. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We vacate and

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

remand.

The district court determined that Silverman failed to submit competent evidence, such as a declaration or affidavit, sufficient to establish a genuine dispute of material fact as to whether defendants used excessive force. However, Silverman filed a verified complaint and opposition papers, including a declaration, signed under penalty of perjury. The district court should have considered these filings as competent evidence in ruling on defendants' motion for summary judgment. *See* 28 U.S.C. § 1746 (providing that a written unsworn declaration or statement subscribed as true under penalty of perjury may substitute for an affidavit); *Keenan v. Hall*, 83 F.3d 1083, 1090 n.1 (9th Cir. 1996) ("[A] verified complaint may be treated as an affidavit to oppose summary judgment[.]").

We vacate and remand for further proceedings on Silverman's excessive force claim. We do not consider in the first instance whether defendants are entitled to qualified immunity.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**